IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH O. LAFRENIE                                       Civil Action No. _____

        Plaintiff,

v.

PORT AUTHORITY OF ALLEGHENY COUNTY,

        Defendant.                                       JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Kenneth O. LaFrenie, by undersigned counsel files this Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§12101, *et seq.* as amended; 28 U.S.C. §§ 1331 and 1343(a)(4); and 29 U.S.C. §2617(a)(2) and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

### II. Venue

2. Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in or around Allegheny County.

### III. Administrative Remedies

3. LaFrenie has satisfied all procedural and administrative requirements set forth in 42 U.S.C. §12102, *et seq.* in that:

    a. On or about November 6, 2015, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), which was cross-filed with the Pennsylvania Human Relations Commission.

    b.       Plaintiff received a Notice of Right to Sue from the EEOC dated February 28, 2017.

    c.       This case was filed within 90 days of receipt of the Notice of Right to Sue.

    d.       More than one year has lapsed since the date Plaintiff filed his PHRC complaint.

### IV. Parties

4. LaFrenie is an adult individual who resides at 2106 Straubs Lane, Pittsburgh, Pennsylvania 15212.

5. Defendant, Port Authority of Allegheny County, is a Port Authority created under the Second Class County Port Authority Act, 53 P.S. §557, and has its principal place of business at 345 Sixth Avenue, Third Floor, Pittsburgh, PA 15222.

6. At all times relevant hereto, Defendant is and was an employer within the meaning of the ADA, 42 U.S.C. §§ 12111(2) and (5)(A), as amended, in that it is an employer engaged in an industry affecting interstate commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current and/or preceding year and within the meaning of 43 Pa. Cons.Stat.Ann. § 955, as it employs 4 or more individuals.

7. At all times relevant hereto, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

### V. Facts

8. LaFrenie has Type II diabetes.

9. Due to his Type II diabetes, LaFrenie takes insulin and is limited in the major

life activities of eating and endocrine function.

10. In October 2015, LaFrenie applied for a mechanic position with Defendant.

11. After an interview and initial screening, Defendant offered LaFrenie the mechanic position, contingent upon him passing a drug screening and U.S. Department of Transportation (DOT) physical exam.

12. On October 15, 2015, LaFrenie underwent a physical exam at Concentra Medical Center for a commercial driver fitness determination.

13. Due to his diabetes, Defendant advised LaFrenie that he was being denied employment as a mechanic.

14. When Defendant's mechanics test drive the buses, Defendant's practice is to have two mechanics on the bus when doing so.

15. Defendant did not make an individualized assessment whether LaFrenie posed any safety risk as a mechanic.

16. Defendant did not engage in an interactive process to determine whether Defendant could provide LaFrenie with a reasonable accommodation to perform his duties as a mechanic.

17. Defendant did not provide LaFrenie with any reasonable accommodation so he could perform his duties as a mechanic.

### Count I
### ADA – Disability Discrimination

18. LaFrenie incorporates by reference the allegations of paragraphs 1 through 17 as if fully restated herein.

19. LaFrenie is a qualified individual with a disability within the meaning of the ADA.

20. Defendant failed to hire LaFrenie because of his disability, record of disability and/or perceived disability in violation of Section 102(a) of the ADA, 42 U.S.C. §12112(a).

21. Defendant's actions of denying LaFrenie employment because of his disability, record of disability and/or perceived disability were undertaken with reckless indifference to LaFrenie's federally protected right to be employed without regard for his disability.

22. As a direct result of Defendant's discriminatory actions in violation of the ADA, LaFrenie has lost wages and other economic benefits of employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff demands judgment as follows:

   a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the ADA;

   b. That Defendant be ordered to reinstate Plaintiff and provide him accumulated seniority, fringe benefits and all other rights;

   c. That Defendant be required to compensate Plaintiff for the full value of wages, he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest;

   d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits, he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest;

   e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

   f. That Defendant be ordered to pay Plaintiff punitive damages;

g. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by the ADA;

h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II
## ADA – Failure to Accommodate

23. LaFrenie incorporates by reference the allegations of paragraphs 1 through 22 as if fully restated herein.

24. Defendants also denied employment opportunities to LaFrenie because of the need to make reasonable accommodations to LaFrenie's known disability in violation of Section 102(b) of the ADA, 42 U.S.C. § 12112(b)(5)(A), and 12112(b)(5)(B).

25. Defendants' actions of denying LaFrenie employment opportunities because of the need to make reasonable accommodations to LaFrenie's known disability was undertaken with reckless indifference to LaFrenie's federally protected right to be employed without regard for his disability.

26. As a direct result of Defendant's discriminatory actions in violation of the ADA, LaFrenie has lost wages and other economic benefits of employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff demands judgment as follows:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the ADA;

    b.    That Defendant be ordered to reinstate Plaintiff and provide him accumulated seniority, fringe benefits and all other rights;

    c.    That Defendant be required to compensate Plaintiff for the full value of wages, he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest;

    d.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits, he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest;

    e.    That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

    f.    That Defendant be ordered to pay Plaintiff punitive damages;

    g.    That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by the ADA;

    h.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

    i.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count III
## PHRA

27.    LaFrenie incorporates paragraphs 1 through 26 as though the same had been fully set forth at length herein.

28.    Defendant denied employment to LaFrenie because of his disability, perceived disability and/or record of disability and/or the need to make reasonable accommodations to LaFrenie's known disability in violation of the PHRA, 43 Pa. Conns. Stat.Ann. § 955(a) *et seq.*

29.     Defendant's discrimination of LaFrenie was in violation of the PHRA, 43 Pa. Conns. Stat.Ann. §955(a) *et seq.*

30.     As a direct result of Defendant's discriminatory actions in violation of the PHRA, LaFrenie has lost wages and other economic benefits of his employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff demands judgment as follows:

a.  That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the PHRA;

b.  That Defendant be ordered to reinstate Plaintiff and provide him accumulated seniority, fringe benefits and all other rights;

c.  That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest;

d.  That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest;

e.  That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f.  That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by the PHRA;

g.  That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

h.  That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted:

**JOHNSTON LYKOS, LLC**

*/s/ Nikki Velisaris Lykos*
Nikki Velisaris Lykos
PA I.D. No. 204813

Colleen Ramage Johnston
PA I.D. No. 64413

525 William Penn Place
28th Floor
Pittsburgh, PA  15219
(412) 325-7700 (phone)
(412) 325-7755 (fax)
nlykos@johnstonlykos.law
cjohnston@johnstonlykos.law

Attorneys for Plaintiff